George P. Stier, J.
In this action to recover brokerage commissions, the plaintiff moves for summary judgment.
Defendants hired the plaintiff to obtain a purchaser for their real property. Such a purchaser was obtained, but before the contract of purchase and sale was executed, the defendants, in consideration of accepting a reduced offer from the purchaser procured by the plaintiff, entered into a written agreement with him, modifying the terms of his original hiring, to the extent that it was agreed that he would accept as his full commission the sum of $825 1 ‘ if, as and when title closes, except for Sellers willful default as per contract.” The contract of purchase and sale, dated the same day — December 22, 1960 — recognized the plaintiff as the broker in the transaction 1‘ if, as and when title closes as per separate agreement.”
Title did not close and the defendants returned the down payment to the purchaser’s attorney on February 24,1961, with a request for a bill for the title search to date. Defendants claim that plans for the conversion of the premises to a two-family house were filed and approved long before the contract of sale. *720 However, two attic rooms which were not shown on these plans were also finished, and the building inspector, on final inspection, required the preparation and filing of additional plans because of those two attic rooms. Since this would have necessitated substantial expense, protracted delay, uncertainties as to ultimate approval, ‘ ‘ and the real possibility, or probability, that existing construction of the two attic rooms might have to be taken down and redone ’ ’ and ‘ ‘ the matter was one that could require submission for variance to the Board of Standards and Appeal ”, they returned the down payment in accordance with the following provision of their contract with the purchaser: “ The premises to be conveyed herein are represented by the sellers to be a legal two-family dwelling. Seller shall deliver to purchaser a Certificate of Occupancy for same on closing. In the event there is not a Certificate of Occupancy on file the sole responsibility of the seller is to return the deposit herein, plus cost of title search, if any, and reasonable Attorney’s fees. Search not to be started until C. 0. is issued. ’ ’
Plaintiff urges that because it was within the power of the defendants to proceed with the contract, and they chose not to, the choice was a willful act entitling him to recover his commissions.
The court is unable to agree with this view. Since the certificate of occupancy was not on file, defendants’ “ sole responsibility ”, was “to return the deposit * * * [and pay] * * * [the] cost of title search, if any, and reasonable Attorney’s fees.” As a matter of law, then, defendants were entitled to decline to undertake the burden of procuring the certificate, and their failure to do so was not a “willful default as per contract ’ ’ within the meaning of the brokerage agreement. The defendants merely availed themselves of the clause in their contract with the purchaser which permitted them, in the circumstances here, to return the deposit without incurring any further responsibility to the purchaser. In doing this it cannot be said that the condition precedent to the payment of commissions— the closing of title — was excused or waived. The language of the brokerage commission agreement ‘ ‘ except for Sellers willful default as per contract ” (emphasis supplied) rules out any theory of waiver of the condition precedent since there was no default as per contract in returning the deposit to the purchaser.
Plaintiff’s motion is, accordingly, denied, and under the last sentence of subdivision 2 of rule 113 of the Buies of Civil Practice judgment dismissing the complaint is granted in favor of the defendants.